# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **OM GROUP, INC.,** | ) | CASE NO.1:06MC084 |
| | ) | |
| **Plaintiff,** | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| **JAMES P. MOONEY,** | ) | ORDER |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant's Motion to Compel the conversations between Ms. Carolyn Buller, former Secretary and General Counsel of Plaintiff OM Group, Inc. ("OMG") and the Securities and Exchange Commission ("SEC"). Also, Defendant seeks email communications between Ms. Buller and an employee of OMG, regarding the valuation of Defendant's retirement plan.

## FACTS

Defendant was the CEO and Chairman of OMG and was terminated by OMG on January 11, 2005. The lawsuit in Florida involves a dispute over compensation allegedly owed Defendant. During a deposition of Ms. Buller, Defendant inquired into conversations between Ms. Buller and the SEC. Ms. Buller, on advice of counsel, refused to answer, asserting the work product privilege. She expressly disavowed any attorney-client privilege. Ms. Buller agreed to disclose her conversations with the SEC regarding its investigation of OMG, which predated Defendant's termination. In deposition, she revealed she had no discussions with the SEC about its investigation of OMG. With respect to the present litigation she admitted to having a

1

discussion with the SEC about Mr. Mooney and refused to reveal those discussions, alleging work product protection.

Defendant contends any communications with third parties are generally not privileged. Defendant further contends the work product privilege only applies to tangible things, i.e. documents, notes, etc. Furthermore, the SEC is not a consultant hired by Plaintiff to aid in preparation of litigation and any discussions with the SEC are not protected.

Defendant also seeks a response to a line of questioning pertaining to emails between Ms. Buller and an employee of OMG that did not seek or convey legal advice. In the email, Ms. Buller asks for a valuation amount for Defendant's SERP (Defendant's Retirement Plan) to be used in her preparation for mediation in this case. Plaintiff asserted attorney client privilege and Defendant contends a communication that does not convey legal advice is not protected.

## **Analysis**

The Sixth Circuit has established the following test for determining whether the work product doctrine precludes discovery:

> The party requesting discovery must first show that, as defined in Rule 26(b)(1), the materials requested are "relevant to the subject matter involved in the pending litigation" and not privileged. Because the application of subdivision (b)(3) is limited to "documents and tangible things otherwise discoverable under subdivision (b)(1)," the burden of making this showing rests on the party requesting the information....
> If the party requesting discovery meets this burden and the court finds that the claimed material is relevant and not privileged, the burden shifts to the objecting party to show that the material was "prepared in anticipation of litigation or for trial" by or for that party or that party's representative, including that party's attorney, consultant, surety, indemnitor, insurer or agent.

*Taylor v. Temple & Cutler,* 192 F.R.D. 552, 557 ( E.D.Mich.,1999), citing *Toledo Edison Co. v. G A Technologies Inc.,* 847 F.2d 335, 339-40 (6th Cir.1988).

Work product protects not only tangible items but an attorneys mental impressions,

thoughts and views of the case. See *Hickman v. Taylor,* 329 U.S. 495, 511 (1947). Plaintiffs brought this suit seeking disgorgement of bonuses and other compensation paid Defendant in an action arising under securities law. Ms. Buller talked with the SEC in July of 2006, nearly a year after Defendant was terminated and nine months after the present litigation commenced. Ms. Buller alleges her discussions with the SEC involved legal issues regarding Plaintiff's claims against Defendant under federal securities laws, the meaning of the statute, the case law interpreting the statute and related regulatory issues and the SEC's potential involvement in the suit. The legal and factual issues concerning Defendants claims and Plaintiffs defenses were not discussed.

Ms. Buller contends Defendants have not demonstrated the relevance of her conversations. These conversations discussed whether there exists at law a private cause of action under 15 U.S.C. 7243, one of the claims alleged by Plaintiff against Defendant in the Florida District Court case.

This Court finds that the conversations between Ms. Buller and the SEC are not relevant to the claims presented by Plaintiff or Defendant. Defendant contends it has a cause of action for punitive damages under a course of conduct theory. However, it is undisputed that Defendant's sole punitive action claim is brought in conjunction with his claim for conversion. This Court finds Ms. Buller's opinions and mental impressions on whether a private cause of action exists under 15 U.S.C. 7243 irrelevant for the District Court in Florida to determine this purely legal issue. Counsel's impressions, shared with the SEC, are not an authoritative source, nor are they recognized as instructive in helping the Florida District Court determine whether a private cause of action exists. Furthermore, Defendant's conversion claim is the sole premise of his punitive

3

damages claim, therefore, Ms. Buller's opinion whether a private cause of action exists under federal law has no conceivable bearing on the conversion claim. This Court recognizes that discovery under Federal Rule of Civil Procedure is broad. However, in light of the claims contained in Plaintiff's Amended Complaint and Defendant's Amended Counterclaim, Defendant has failed to establish that the discovery of Ms. Buller's conversations with the SEC may lead to relevant evidence. Therefore, the Court denies Defendant's Motion to Compel Ms. Buller's testimony on her conversations with the SEC.

Defendant also seeks the email response to Ms. Buller's email inquiry to an employee of OMG on the valuation of Defendant's Retirement Plan. Specifically, her email requested the number used by Robert Pierce, an OMG employee, to reserve for the SERP. The Court finds the requested email is a privileged communication as it was seeking information from the client in preparation of litigation. However, the Court finds the number sought is relevant, discoverable, available from other sources and involves a critical piece of information needed to resolve the claims and counterclaims. Therefore, in order to facilitate the relevant discovery, the Court grants, in part, Defendant's Motion to Compel and Orders Plaintiff to produce the number used to reserve for the SERP. The Court denies Defendant's Motion to Compel, in part, and will not order the production of the responsive email.

IT IS SO ORDERED.

| October 18, 2006 | s/Christopher A. Boyko |
| Date | CHRISTOPHER A. BOYKO |
|  | United States District Judge |